# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RANDY A. HART,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:18cv322-RH/CAS**

**SECRETARY, FLORIDA**
**DEPARTMENT OF**
**CORRECTIONS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this prisoner civil rights action on June 21, 2018, in the Middle District of Florida. ECF Nos. 1-2. The case has been transferred to this Court because Plaintiff is incarcerated at the Madison Correctional Institution which is within the Northern District of Florida. ECF No. 3-5.

Plaintiff's case initiating document is a hand-written complaint which Plaintiff titled as an "emergency." ECF No. 1 at 1.[1] Plaintiff recognizes that

---

[1] Plaintiff filed only one document, ECF No. 1, which serves as both his complaint and his in forma pauperis motion because he asserts that he is entitled "to proceed under 28 U.S.C. § 1915(g)." Thus, the Clerk filed the document twice, first as his

the "three strikes" provision, 28 U.S.C. § 1915(g), is applicable to him and he acknowledges that he "must make 'specific fact allegations on ongoing serious physical injury" to show that he faces imminent danger of serious physical injury. ECF No. 1 at 1.

Review of Plaintiff's complaint reveals this action is brought against the warden, D.S. Collins, and Julie Jones, Secretary of the Florida Department of Corrections. *Id.* at 2. Plaintiff contends he has "continued harassment and retaliation from" Defendant Collins, but he provides no facts to support that conclusory allegation. Plaintiff states only that at Madison Correctional Institution, "constant smoker housed around the plaintiff." *Id.* Plaintiff also goes on to discuss the viability of an "ETS claim" in his complaint, ECF No. 1. Thus, it is concluded that ETS (environmental tobacco smoke) is the central issue of this case, and is the basis of Plaintiff's request to proceed with in forma pauperis status under the "imminent danger" exception to § 1915(g). *Id.* at 3-4.

First, Plaintiff's request to be granted in forma pauperis status is not supported by a copy of his inmate bank account statement which would demonstrate that Plaintiff lacks funds to pay the filing fee. Plaintiff's in

---

complaint, ECF No. 1, and again as his in forma pauperis motion, ECF No. 2.

forma pauperis motion is also not a sworn statement, nor did he present an affidavit declaring his indigency. ECF No. 2. Thus, Plaintiff has not demonstrated that he is unable to pay the $400.00 filing fee.

Second, if it is assumed that Plaintiff lacks the financial means to pay the fee, judicial notice is taken that Plaintiff has "three strikes" and recently had a case dismissed in this Court pursuant to 28 U.S.C. § 1915(g). *See* case # 4:18-cv-51-RH-GRJ.[2] Under § 1915(g), a prisoner cannot bring a new civil action with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To proceed under the "imminent danger" exception, a prisoner must face a likelihood of "serious physical injury" at the time he files his complaint as "imminent" suggests "present tense" and events from the past as insufficient. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the

---

[2] The Report and Recommendation entered in that case referred to case number 5:17-cv-608 from the Middle District of Florida which noted "Plaintiff's extensive filing history." ECF No. 11 at 2.

events which formed basis for prisoner's complaint "had ceased prior to the filing of his Complaint," and he did not allege an ongoing danger, denial of the in forma pauperis motion was proper under § 1915(g)); *see also* Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (stating that the complaint "must allege a present imminent danger, as opposed to a past danger.") (quoted in Smith v. Dewberry, No. 16-17178, 2018 WL 3359602, at *3 (11th Cir. July 10, 2018)). Accordingly, Plaintiff's complaint has been reviewed to determine if he sufficiently alleged "imminent danger of serious physical injury."

There are no allegations showing Plaintiff is at risk of assault from another inmate or prison staff. Plaintiff's only allegation is that he is "surrounded by constant smokers." ECF No. 1 at 4.

There are occasions when a prisoner may be granted in forma pauperis status pursuant to 28 U.S.C. § 1915(g) based on a future health issue as opposed to the more usual scenario of danger from assault. For example, a case from the Eighth Circuit held that the prisoner had sufficiently alleged that he was in imminent danger of serious physical injury due to an infection in plaintiff's gums and tooth decay which was spreading quickly because of delay in treating the infection. McAlphin v.

Toney, 281 F.3d 709, 710 (8th Cir. 2002). That case was noted by the Eleventh Circuit in Brown v. Johnson, finding that a prisoner's allegation that he had HIV and hepatitis, his condition was deteriorating, and his prescribed treatment had been discontinued was sufficient to meet the imminent danger exception. Brown, 387 F.3d at 1350. The court explained that Brown sufficiently alleged "that his condition [was] worsening more rapidly as a result of the complete withdrawal of treatment." Brown, 387 F.3d at 1350; *see also* O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 805 (11th Cir. 2016) (holding that inmate's fear "that his surgery might be delayed or his symptoms would lead to cancer were speculative and not factually supported" and insufficient to show plaintiff faced "imminent danger"); Skillern v. Georgia Dep't of Corr., 191 F. App'x 847, 852 (11th Cir. 2006) (remanding for the district court to determine whether prisoner's claim that defendants were denying him prescribed drug therapy for a heart condition fell within § 1915(g) exception). Similarly, the Eleventh Circuit concluded that the plaintiff in Mitchell v. Nobles, 873 F.3d 869, 874 (11th Cir. 2017), also sufficiently "alleged a complete lack of treatment for his hepatitis C and thus [met] the Brown standard for showing an imminent danger under § 1915(g)." Again, the plaintiff specifically alleged that "a

Case No. 4:18cv322-RH/CAS

total lack of hepatitis treatment" resulted in the "onset of cirrhosis," bringing him "within the imminent- danger exception to the three strikes provision." Mitchell, 873 F.3d at 874.

Those cases illustrate that for a prisoner to demonstrate that he comes within the imminent danger exception, he must provide "specific" facts which show that at the time his complaint was filed, he is in danger of serious injury, and that such injury is imminent danger. Vague and conclusory allegations are insufficient. O'Connor v. Sec'y, Fla. Dep't of Corr., No. 16-16258, 2018 WL 1956198, at *2 (11th Cir. Apr. 25, 2018); *see also* Brown, 387 F.3d at 1350 (distinguishing the Eighth Circuit case, Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003), in which the plaintiff made only general and "conclusory assertions that defendants were trying to kill [the plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition" which was found to be "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."). In Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998), the prisoner alleged that he was confined in the restricted housing unit for several months, during which "'dust, lint and shower odor'

were continuously emitted from the cell vent, causing Gibbs to suffer 'severe headaches, change in voice, mucus that is full of dust and lint, and watery eyes.'" 160 F.3d at 964. Gibbs "alleged that he was forced to breathe particles of dust and lint which were continuously being dispersed into his cell through the ventilation system." *Id.* at 965. He argued "that, depending on the nature of the particles he is breathing, there [was] a significant possibility that he [was] under imminent danger of serious physical injury" and he should be able to proceed under the statutory exception of § 1915(g). *Id.* The Third Circuit agreed, noting that under the holding of Helling v. McKinney, "[i]nmates ought to be able to complain of unsafe drinking water without awaiting the onset of dysentery." *Id.* at 967. The case was remanded for a determination of whether the plaintiff was in "imminent danger." 160 F.3d at 963-64.

Notably, Helling v. McKinney dealt with the issue Plaintiff raises in this case, that is, he will suffer serious medical problems caused by exposure to ETS (environmental tobacco smoke). The plaintiff alleged that he "was assigned to a cell with another inmate who smoked five packs of cigarettes a day." Helling, 509 U.S. at 28, 113 S.Ct. at 2478. He also

Case No. 4:18cv322-RH/CAS

alleged that "cigarettes burned continuously, releasing some type of chemical," and plaintiff "complained of certain health problems allegedly caused by exposure to cigarette smoke." 509 U.S. at 28, 113 S.Ct. at 2478.

Several principles from Helling guide analysis here. First, because "prison authorities may not be deliberately indifferent to an inmate's current health problems," they also may not "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." 509 U.S. at 33, 113 S.Ct. at 2480. A prison official may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms." *Id.*

Second, the Eighth Amendment protects prisoners against "future harm" and they "need not await a tragic event." 509 U.S. at 33, 113 S.Ct. at 2480-81. Accordingly, it was not necessary for McKinney to demonstrate that his exposure to ETS had already manifested in health issues or symptoms. The Supreme Court, thus, affirmed the Court of Appeals' ruling that McKinney had stated a claim under the Eighth Amendment by alleging that prison officials, with deliberate indifference,

involuntarily "exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." 509 U.S. at 35, 113 S.Ct. at 2481. McKinney would still have to prove his case by demonstrating the "subjective and objective elements necessary to prove an Eighth Amendment violation." 509 U.S. at 35, 113 S.Ct. at 2481-82.

The objective factor requires a prisoner to "show that he himself is being exposed to unreasonably high levels of ETS" and "that the risk of which he complains is not one that today's society chooses to tolerate." Id. at 35-36, 113 S.Ct. at 2482. The "subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct . . . ." 509 U.S. at 36, 113 S.Ct. at 2482.

The prisoner's allegations in Helling were far more detailed than Plaintiff presents in this case. Plaintiff has alleged no facts indicating how much smoke he is subjected to, how many persons are smoking near him, or when persons smoke around him. It is unknown whether smoking is an isolated incident or daily occurrence. There are no facts clarifying whether persons smoke outside or inside the dormitory. Those facts are especially necessary because judicial notice is taken that the Department's Rules prohibit the "use of any tobacco products . . . in all indoor areas of any

building or office within a state correctional facility . . . ." FLA. ADMIN. CODE R. 33-401.401(2)(a). Because that Rule has been in effect since 2013, it is imperative that Plaintiff provide a more clear statement of facts which demonstrate when and where he is subjected to cigarette smoke, and explaining the amount of time he is subjected to people smoking around him.

Furthermore, Plaintiff has not alleged any facts which show that either the Warden or the Secretary have been made aware of this issue, or that they have refused to take actions to correct the problem. Plaintiff made only a conclusory allegation that Defendant Collins had a "willful, wanton disregard for human rights, safety and property." ECF No. 1 at 2. That vague and conclusory allegation, however, is insufficient to show either the subjective or objective elements necessary to state an Eighth Amendment claim. "To establish a violation of the Eighth Amendment due to exposure to second-hand smoke, or environmental tobacco smoke ('ETS'), a prisoner must show that the defendants have, 'with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health.'" Cassady v. Donald, 447 F. App'x 28, 30 (11th Cir. 2011) (quoting Helling, 509 U.S. at 35, 113 S.Ct. at 2481).

Here, no facts are presented which show either that Defendants have been deliberately indifferent to Plaintiff's situation (the subjective element), or that he has been "exposed to unreasonably high levels of ETS (the objective element)." Cassady, 447 F. App'x at 30[3] (citing Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005)); *see also* Morefield v. Brewton, 442 F. App'x 425, 427 (11th Cir. 2011) (prisoner did not show he was "exposed to sufficiently 'grave' levels of ETS to constitute a violation of the Eighth Amendment"). Moreover, Plaintiff's complaint lacks a sufficient statement of facts to proceed with in forma pauperis status as he has not shown that the condition about which he complains poses a threat of imminent danger, nor has he alleged sufficient facts to support an Eighth Amendment claim.[4] *See* Word v. Annucci, No. 09 CIV. 8983 (DLC), 2010 WL 2179954, at *2

---

[3] "Cassady averred in his verified complaint and submitted evidence in support thereof that while he was an inmate at Coastal State Prison, inmates routinely smoked in common areas indoors and that the Prison Officials 'knew [his] roommate was a chronic smoker, who smoked (4) packs of cigarettes in the [cell he shared with Cassady] daily." Cassady, 447 F. App'x at 30.

[4] It is true that analysis of an Eighth Amendment claim is not the same as determining whether a prisoner sufficiently alleged imminent danger of serious physical injury. The court noted in Gibbs that the "three strikes" provision of § 1915(g) was intended to address the problem of prisoners abusing the judicial system with frivolous and meritless lawsuits and it did not appear that § 1915(g) was limited only to those inmates who alleged an Eighth Amendment violation. Gibbs, 160 F.3d at 966-67. A merits determination should be made after resolving the fee issue. 160 F.3d at 967. Notwithstanding, it is problematic to reconcile how "imminent danger of serious physical injury" can be shown in a complaint that fails to state a claim.

(S.D.N.Y. May 27, 2010) (finding prisoner did not "plead any facts that plausibly suggest that she was 'under imminent danger of serious physical injury' for purposes of proceeding with in forma pauperis status in complaint alleging "that ETS 'lingers in the air of outdoor prison areas' and 'partially spreads into indoor prison areas.'"); Wells v. Smead, No. 1:08-CV-1220, 2009 WL 198807, at *2 (W.D. Mich. Jan. 26, 2009) (holding that prisoner's allegations did "not fall within the exception to the three-strikes rule" in civil rights case alleging prisoner was "subjected to environmental tobacco smoke (ETS)"); Clay v. Hofbauer, No. 2:08-CV-175, 2008 WL 4534414, at *2 (W.D. Mich. Sept. 29, 2008) (concluding that prisoner with history of respiratory problems did not present sufficient allegations to show he faced "imminent danger of serious physical injury" for purposes of granting in forma pauperis status under § 1915(g) in complaint challenging exposure to ETS); Simmons v. Blunt, No. 06-4167-CV-C-NKL, 2006 WL 3197442, at *2 (W.D. Mo. Nov. 2, 2006) (holding that prisoner failed "to allege that he faces 'imminent danger of serious physical injury'" and alleged nothing more than harm "generally associated with ETS."). Because Plaintiff's allegations of "imminent danger" are insufficient to meet the exception of § 1915(g), Plaintiff's

motion for in forma pauperis status should be denied. Accordingly, it is recommended that this case be summarily dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (explaining that "prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.")

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED**, this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court be directed to note the basis for dismissal on the docket.

**IN CHAMBERS** at Tallahassee, Florida, on August 13, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within**

**fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**